IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIARI C. SWAIN, #312546      *
       Plaintiff,
 v.          *   CIVIL ACTION NO. DKC-05-1691

WARDEN, MCAC      *
     Defendant.
        ******

## MEMORANDUM

### I. Procedural History

On June 21, 2005, this court received a letter from Maryland Correctional Adjustment Center ("MCAC") inmate Kiari C. Swain complaining that on June 9, 2005, he was physically assaulted by two MCAC officers, released from his restraints, and then physically held by two officers while another correctional officer placed an "unknown object in [his] butt" and then squirted him with feces. Paper No. 1. Plaintiff admits that the aforementioned series of events occurred after he squirted feces on two of the correctional officers and that he fought with the officers when his restraints came off. *Id*. He alleges that a situation now exists which poses a threat to his health, safety, and welfare, and he seeks assignment to protective custody. *Id*. at 2.

The letter was treated as a 42 U.S.C. § 1983 civil rights complaint for injunctive relief. On July 14, 2005, the Office of the Attorney General responded to this court's June 24, 2005 Order to show cause. Paper No. 3. On September 20, 2005, the Office of the Attorney General filed a court-ordered supplemental response. Paper No. 8. Because the responses provided substantive answers to Plaintiff's letter complaint for injunctive relief (assignment to protective custody) and were accompanied by the declaration of the Assistant Warden of MCAC and other exhibits, the papers were treated as dispositive

filings. Plaintiff was afforded notice and opportunity to file an opposition response and has failed to so do. The case is ready for consideration and may be determined on the pleadings. *See* Local Rule 105.6. (D. Md. 2004).

## II.  Analysis

In order to survive a defendant's properly supported motion for summary judgment, a plaintiff is required to produce some evidence to support each of his claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *See Celotex*, 477 U.S. at 322. While the facts and all reasonable inferences drawn therefrom must be viewed in a light most favorable to the party opposing the motion, *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985), "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Only disputed issues of material fact will preclude the entry of summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To meet the standard for establishing a failure-to-protect claim under the Eighth Amendment, a prisoner must project evidence that a prison official "knows of and disregard an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rich v. Bruce,* 129 F.3d 336, 339-40 (4th Cir. 1997).  Where, as here,

an inmate is seeking injunctive relief in conjunction with his Eighth Amendment claim, relief may only be granted if the inmate can demonstrate: (i) the likelihood he will be irreparably harmed if emergency relief is denied; (ii) the likelihood that defendant will not be harmed if the requested relief is granted; (iii) the likelihood that the inmate will succeed on the merits; and (iv) the public interest will be served if the injunction is granted. *See Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977).

Based upon a review of the materials provided to this court, the complaint for injunctive relief shall be dismissed. According to the record, on June 9, 2005, Plaintiff was removed from his MCAC cell for throwing feces at MCAC staff.[1] Paper No. 3, Ex. 1 at Wainwright Decl. Assistant Warden Wainwright affirms that there is no threat to Plaintiff's health and safety at MCAC. *Id.* In addition, Wainwright claims that: all interaction Plaintiff has with MCAC staff is videotaped due to his disruptive behavior;[2] Plaintiff has no restraints placed on him while in his cell and is only placed in restraints for out-of-cell activity; Plaintiff is not being denied medical care, recreation, or showers; and there is no protective custody at MCAC, nor is there any need for same, since MCAC inmates do not interact with each other. *Id.*

### III.  Conclusion

Plaintiff has failed to come forward with rebuttal evidence to demonstrate that his safety is at risk at MCAC.   There is no dispute that he is receiving medical care, recreation, and shower time.  Plaintiff has

---

[1]    Assistant Warden Wainwright acknowledges that on June 11, 2005, Plaintiff made allegations that he was assaulted by MCAC staff, presumably related to the June 9, 2005 incident, and that as of July 14, 2005, the claims were still being investigated.  Paper No. 3, Ex. 1 at Wainwright Decl.

[2]    Wainright indicates that all interaction between Plaintiff and staff is videotaped.  This statement is confirmed by a June 17, 2005 internal memorandum from Lt. Emmannuel Nzeadighibe to MCAC staff contained in the court-ordered supplement filed by the Office of the Attorney General.  Paper No. 8, Ex. 1.

no interaction with other prisoners and all staff interaction with Plaintiff is now videotaped due to his history of disruptive behavior and his own allegations of assault.  Consequently, judgment shall be entered in favor of Defendant and this complaint for injunctive relief shall be dismissed.  A separate Order follows.


Dated: October 11, 2005                                    _____/s/_____
                                                                          DEBORAH K. CHASANOW
                                                                          United States District Judge